## ETOY O'TOOLE v. THE STATE.

### No. 3968. Decided March 1, 1916.

**1.—Vagrancy—Sufficiency of the Evidence.**

Where, upon trial of vagrancy, the evidence, though rather meager, was sufficient to sustain a conviction, there was no reversible error.

**2.—Same—Charge of Court—Practice in County Court.**

Where the trial court had notified both parties that he would not give a written charge, and the defendant presented requested charges after the argument had closed, there was no error in the court's refusal to submit them.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions showed that the defendant only objected to certain testimony, which objection the court sustained, objections to other parts of the testimony after trial come too late.

**4.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions as to certain testimony with reference to the residence of the defendant showed that the same was admissible, there was no reversible error.

**5.—Same—Practice—Evidence—Motion to Strike Out Evidence.**

Where the motion to strike out the testimony was filed with the clerk, and

was not called to the attention of the trial judge until after the trial, the motion for new trial was correctly overruled.

**6.—Same—Charge of Court—Practice—County Court.**

Where the trial judge gave no written charge at all, but permitted the attorney for the defendant to argue the law and read it to the jury without objection by the State, there was no reversible error.

Appeal from the County Court of Lamar. Tried below before the Hon. Tom L. Beauchamp.

Appeal from a conviction of vagrancy; penalty, a fine of $25.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—Cited Arnold v. State, 28 Texas Crim. App., 480; Branch's Criminal Law, sec. 837.

PRENDERGAST, Presiding Judge.—Appellant was convicted of vagrancy in that she was a common prostitute from on or about October 1, till October 24, 1915, and her punishment fixed at a $25 fine.

The State introduced the sheriff of Lamar County, three of his deputies, the constable and one of his deputies, the city marshal of Paris, and one policeman, who each and all swore that they knew appellant and knew her general reputation as being that of a common prostitute. The sheriff and one of his deputies testified that, during the time she was charged with being a common prostitute, they arrested her for being drunk, and the sheriff testified that, when he arrested her, she was riding in a buggy with two young men and lying in the lap of one of them. That they put her in jail when they arrested her.

Mr. Reed testified that he lived near the corporate limits of Paris, near where appellant lived. That, during the three weeks appellant lived near him, just out of the city limits, people came to his house and inquired of him who lived at a certain house, which was where she lived. That this occurred both in daytime and at night. That on one occasion he saw a man hunting for her house as early as 2 o'clock in the morning. That he had seen persons going to the house in automobiles. That he lived in Dr. Lewis' house, and he had complained both to Dr. Lewis and the officers about her living there, and telling Dr. Lewis he would like for him to have them move. That he had seen women at the house go off with men in automobiles. That there were two or three women and a man living where appellant resided. The people who inquired of him about the house where she resided never told him what they wanted.

Appellant's mother testified that there were a few people who came to her house, but she supposed no more than visited other people. That appellant resided with her. That she had never seen her at any time do anything unbecoming a lady. That, if she ever did anything wrong or her relations with men were bad, she never noticed it, and did not

know it. That appellant told her she had a drink or two and was asleep when she was arrested. That, while they were living at Paris, people living near them complained and wanted them to move, and that they told lies on them to the officers, and the officers came to see them.

Appellant herself testified that she had been married. That she was twenty years old and resided with her parents, just outside the corporate limits of Paris. That her sisters Minnie and Lula "are now living with my father and mother and have been living with them for two or three months." That they all lived together when the complaint herein was filed against her. That a few people came to see them and occasionally, about once a week, young men would come to see her sister and herself. That, when they arrested her, they told her they did so for being drunk. She denied that she was then drunk and said she had not taken but two little drinks of whisky. That, when she was arrested, she was riding in a buggy with two young men. That it was a little cold, and she had pulled her shawl up around her head and was resting her head on the shoulder of one of the young men when riding in the buggy. That she had not been tried for being drunk. She said that she had never had sexual intercourse with anyone except her husband, and that she knew that she had never acted in such a manner in any way that would cause people to think that of her. She admitted that, on one occasion, the officers, while living where they were, said something to them about moving, but it was because people told lies on them.

The above is the substance of the testimony in full.

Appellant earnestly contends that the evidence is insufficient to sustain the verdict. This is the only serious question in the case. We have carefully considered it and regard it as rather meager. Yet, we are not prepared to say that it is not sufficient to sustain the verdict and do not feel authorized to reverse the case on that ground.

The court gave no written charge whatever, declining to do so, clearly as authorized by the statute (art. 739, C. C. P.) and decisions thereunder. Appellant requesting in writing some charges, the court expressly refused them, because they were submitted to him after the argument had closed. The judge had notified both parties beforehand that he would give no written charge.

After the trial appellant presented a bill to the court, complaining of the admission in evidence of the officers' testimony as to said general reputation of appellant, but the court expressly states that appellant excepted at the time only to such testimony before October 1st and after October 24th, and that he sustained her and excluded such testimony as thus objected to. As appellant's bill is qualified it presents no reversible error.

She also has a bill showing that she objected to the testimony of said Reed where she claimed Mr. Reed testified that people inquired of him as to who lived at a certain house. The judge, in qualifying the bill, states that the witness testified that these people inquired of him where defendant's family lived instead of asking who lived in the particular

house.   Under the authorities, we think Mr. Reed's testimony was admissible, and especially as qualified by the court in allowing the bill.

Appellant, after the trial, presented to the court another bill, wherein she claims that she made a written motion to strike out all the evidence as to said general reputation of appellant.   The court states that said motion was filed with the clerk, and that his attention was not called to it until the motion for a new trial came up for hearing, and that he made no notation on it at all   Of course, as thus presented, this presents no error.

As to two charges appellant requested, the court states that he gave no written charge at all.   That appellant's attorney was permitted to argue the law and read it to the jury, and the county attorney made no denial of the law as contended by appellant.

As appellant's bills are presented and qualified by the court, none of them show reversible error.

The judgment will be affirmed

*Affirmed.*